WILLIAM R. McKENZIE vs. THOMAS N. CULBRETH and W. R. CULBRETH.

1. The principle is too well established and too long acquiesced in to be disturbed, that an agreement by a creditor to receive a part in discharge of the whole of a debt due to him by single bill, is without consideration and therefore void.

2. To this rule there are exceptions, as if:
   1. A less sum is agreed upon and received before the day of payment.
   2. Or at a different place.
   3. Or money's worth.
   4. Or where a general composition is agreed upon

This was a civil action tried before His Honor Judge Russell, at Fall Term 1871, of Sampson Superior Corrt.

The plaintiff complained on a single bill.

The defendants answered accord, &c., and in support of this defence, offered a receipt given by the obligee for a less sum than the note called for.

His Honor instructed the jury that the legal effect of the receipt was only a payment to the amount specified in it, and operated only as a discharge of the note *pro tanto*. To this charge the defendants excepted.

There was a verdict and judgment in accordance with the charge and the defendants appealed.

*Bragg* & *Strong* for the plaintiffs.
*B.* & *T. C. Fuller* for the defendant.

Vide Parsons on Contracts, vol. 2, p. 618 and 685. And here the new agreement rests on sufficient consideration, viz: the settlement of a lost note.

This is not only a receipt but is a contract, by reason of the condition. *Smith* v. *Brown*, 3 Hawks 585.

And it is an equity which has attached to the note in the hands of Lee, and which existed at the time of the assignment to plaintiff, and by which he is therefore bound. C. C. P., sec. 55. *Harris* v. *Burwell* & *Parham*, 65 N. C. R. 584.

And it may be applied and effect given to it as a covenant not to sue. *Russell* v. *Adderton et al.* 64 N. C. R. 417. *Winston* v. *Dalby*, ibid 299. *Harshaw* v. *McKesson* v. *Woodfin*, 65 N. C. R. 688.

READE, J. The question presented is, whether a payment by the debtor and an acceptance by the creditor of a less sum than is due upon a bond, as a payment of the whole, is a discharge of the obligation so as to preclude the creditor from recovering the remainder of the bond?

This principle is too well established and too long acquiesced in to be now disturbed; that an agreement by a creditor, to receive a part in discharge of the whole of a debt due to him

by bond, is an agreement without consideration, and therefore void.

The doctrine is very well set forth in *Warren* v. *Skinner,* 20 Com. Law R. p. 559. Other authorities are abundant.

It is true that many cases are set down as exceptions to this general principle. for example:

1. If a less sum is agreed upon and received before the day of payment;

2. Or at a different place than the place originally agreed on.

3. Or if something other than money, and really of less value than the debt is agreed upon and received in satisfaction, the Court will not consider the value to be other than as the parties have agreed upon it.

3. Or if there be a general settlement between creditors and their debtor, and a discharge upon payment of less than the whole amount.

In these and in all other cases set down as exceptions to the general rule, there is some consideration, great or small, to support the agreement, and avoid the objection of *nudum pactum.*

There is no error·

Per Curiam.                                Judgment affirmed.