JAMES C. BRYAN *v.* WILLIAM FOY.

An agreement by a creditor to take from his debtor one-half of the amount of his debt then due in discharge of the whole is without consideration and void, and this is so though the debtor is a surety and the debt is due by bond.

A Court of Equity never regards a seal, and since law and equity is now administerd in the same Court, a seal has lost much of its ancient force and dignity.

The case of *McKenzie* v. *Culbreath*, 66 N. C. Rep. 534, cited and approved.

This was a CIVIL ACTION tried before his Honor, *Watts, J.,* at the special January Term, 1873, of CRAVEN Superior Court.

The plaintiff declared on a sealed promissory note or bond given by five obligors, of whom the defendant was one, and it appeared on the face of the bond that he was a surety and he was the only person sued. The defendant proposed to show that the plaintiff had agreed to take from him, in consideration that he was the only solvent party to the bond, and the plaintiff was pressed for money, one-half of the amount

due if paid at once. He offered to show further that in compliance with this agreement that he had tendered the amount agreed on to the plaintiff, and that he had refused to take it. This evidence was objected to by the plaintiff's counsel and was rejected by the Court, and the plaintiff obtained a verdict and judgment for the whole amount of his debt, and the defendant appealed.

*Haughton,* for the defendant cited and relied upon. *Goode* v. *Cheesman* 22 Eng. C. L. Rep., 91, opinion of *Parke, J.; Howe* v. *O'Malley,* 1 Murphy 289; *Noblet* v. *Green,* 2 Dev. 517; *Brown* v. *Ray,* 19 Ired. 72; *Very* v. *Levy,* 13 Howard 357; opinion of *Curtis, J.; Harshaw* v. *McKesson,* 65 N. C. Rep., 688.

*Battle & Son,* for the plaintiff, relied on *McKenzie* v. *Culbreth,* 66 N. C. Rep. 534, as directly in point.

SETTLE, J. We see nothing in the record to distinguish this case from *McKenzie* v. *Culbreth,* 66 N. C. Rep. 534.

It is there said that an agreement by a creditor to receive a part in discharge of the whole of a debt due to him by bond is an agreement without consideration, and therefore void, and that that principle is too well established and too long acquiesced in to be disturbed. There are many exceptions to this rule, but after a careful examination of all the authorities cited by the defendant's counsel, we cannot perceive that this case falls within the principle of any recognized exception.

From the statement in the record that the instrument upon which this action is founded is under seal, we presume that some importance was attached to that fact, and that the plaintiff relying upon the maxim, " *eadem ligamine quo ligatum est dissolvetur,*" was of opinion that parol evidence could not be heard to contradict his sealed instrument.

A Court of Equity never regards a seal, and since we now administer law and equity in the same Court, a seal has

lost much of its ancient dignity and importance. In this instance we attach no consequence whatever to the seal.

We put our opinion upon the ground that there is nothing in all the defendant proposed to show to constitute a consideration, and therefore his agreement was a *nudum pactum.*

PER CURIAM.                              Judgment affirmed.