ALEXANDER MITCHELL v. JESSE SAWYER, Administrator, &c. and another.

An agreement to receive a part of an ascertained debt in discharge of the whole is a *nudum pactum*, and cannot be enforced, although such agreement is styled by the parties a "compromise," and so entered on the execution docket.

(*McKenzie* v. *Culbreth*, 66 N. C. Rep. 534 ; *Bryan* v. *Foy*, 69 N. C. Rep. 45; *Hays* v. *Davidson*, 70 N. C. Rep. 573, cited and approved.)

MOTION to revive a dormant judgment, and for leave to issue an execution, before *Clarke, J.*, at the Spring Term, 1874, of the Superior Court of CRAVEN County.

The plaintiff, as a foundation for his motion, filed an affidavit in which was stated that at the Fall Term, 1867, of the Superior Court of Law of Craven county, he recovered of the defendant a judgment for $1,202.30 of which $882.10 was principal money, and for costs ; that this judgment had been transferred to the Superior Court as now organized, and regularly docketed in the office of said Court ; and that the same remains unsatisfied, except as to a payment of $650, made on the 26th day of May, 1868, and $210, and the costs, paid 27th day of February, 1869 ; leaving still due and unpaid the sum of $398.59, with interest thereon from 27th day of February, 1869. That it has been three years since execution was issued on said judgment.

The defendant, Sawyer, opposing the motion, also filed an affidavit in which he states that on or about the 26th day of May, 1868, he, with the other defendant, Alford, agreed to pay the plaintiff $850 as a compromise of the judgment set out in plaintiff's affidavit, to be paid, $650 in cash, and $200 thereafter. That no particular time was mentioned for the payment of the $200, but that he himself informed the plaintiff that he could not pay this balance until after his crop came in. That some time in February, 1869, he went to the plaintiff and tendered him the said balance of $200, which the plaintiff

refused to accept, and thereupon he deposited that amount, to wit, $200 in the office of the Clerk of the Superior Court.

The other defendant, one Alford, in opposing the plaintiff's application for leave to issue an execution, filed his affidavit stating therein that the plaintiff agreed at his own store in Newbern, to compromise the judgment, and take therefor $650 in cash and $200 to be paid some time thereafter, no precise time of payment of the $200 being mentioned. In his affidavit, Alford further stated that the writing on the docket, after the signature of the plaintiff, to wit "for money received only," &c, was not made at the time of signing the receipt on the docket, but was added thereto afterwards.

One W. G. Brinson, who was at the time Clerk of the Court, made an affidavit in favor of the defendants, in which he stated that all the parties came into his office and made an entry of compromise upon his docket, and that nothing was said, so far as he recollects, as to the time of payment of the $200; that after the agreement had been entered and the receipt signed, the plaintiff came into his office and added after his name, "for money received only."

The entries upon the execution docket were substantially as follows:

"Judgment, Fall Term, 1867.

|  |  |
|---|---|
| Debt, | $882.20 |
| Interest, | 320.10 |
|  | $1,202.30 |

Compromised upon the payment of eight hundred and fifty dollars.

---

Received of F. E. Alford six hundred and fifty dollars, on account of and to be credited on this judgment.

May 26th, 1868.

" Alex. Mitchell, for the money, received only $210, deposited in the office as a tender in payment of this compromise, by Jesse Sawyer.

Feb. 27th, 1869."

In answer to the affidavits filed by defendants the plaintiff stated that on the 26th May, 1868, he did agree to compromise and take in payment of said judgment the sum of $850, which was to be paid in cash ; that at the time the defendant, Alford, paid $650, and requested the plaintiff to take his note payable in sixty days, for the balance, which the plaintiff refused to do, but agreed to wait sixty days for the payment of the said sum; that after the expiration of the sixty days, on two different occasions he, the plaintiff, informed Alford that the balance had not been paid, and he afterwards told Alford that the compromise was at an end.   That the statement in the affidavits filed by the defendants, as to the addition of the words to the receipt, "for the money received only," is not true.   That at least four months after the agreement was made, W. G. Brinson, the Clerk of the Court, informed him that the entry of compromise and receipt for the $650 had not been signed by plaintiff and requested him to sign the same; that he informed the Clerk that he would sign the same after the whole of the money was paid; but the Clerk requested, as a favor to himself, that the plaintiff would then sign, as other-wise he, the Clerk, might possibly get into a difficulty.   That he informed the Clerk if he would separate the entry of com-promise from the receipt by drawing a line on his docket he would sign the latter, which was done in the presence of the Clerk, he, the plaintiff, adding after his name the words before set out.   That Alford was not present at the time.

Upon hearing the affidavits of the parties His Honor refused the plaintiff's motion, whereupon the plaintiff appealed.

*Stephenson,* for appellant, cited and relied on *McKenzie* v. *Culbreth,* 66 N. C. Rep. 534 ; *Bryan* v. *Foy,* 69 N. C. Rep.

45; *Fitch* v. *Sutton*, 5 East; and *Cumber* v. *Wane*, S. L. cases, vol. 1, 249.

No counsel for defendants in this Court.

READE, J. It is not to be doubted that the compromise of any matter in controversy between parties is binding between them. It is equally well settled that an agreement to receive, and the actual receipt of a part of an ascertained debt in discharge of the whole, is *nudum pactum*. *McKenzie* v. *Culbreth*, 66 N. C. Rep., 534. That case was well argued and fully considered and supported by both English and American authorities, and the principle considered as settled. A very satisfactory case in support of it is *Warren* v. *Skinner*, 20 Connecticut R., p. 659, which is cited in the opinion ; but by a misprint is cited as to Com. Law, R p. 559. Following that is *Bryan* v. *Foy*, 69 N. C. Rep., p. 45. Both of these cases are directly in point.

It is sought to distinguish the case before us from the cases cited by treating it as a *compromise*. But what was there to compromise ? The plaintiff had a judgment against the defendant. It was not only an ascertained, but it was an adjudicated claim. And upon the defendant's own showing, the most that can be made of it is that the plaintiff agreed that if the defendant would pay him a part he would receive it in satisfaction of the whole. For this there was no consideration. The plaintiff received nothing of the defendant but what he was entitled to receive, and he received nothing for that which he agreed to give up. It is said to be bad morals for the plaintiff to make a promise and break it. It does not lie in the defendant's mouth to say so ; for he made the first promise to pay the whole debt, and broke it. See also *Hays* v. *Davidson*, 70 N. C. Rep., p. 573.

There is error. This will be certified, &c.

PER CURIAM.                              Judgment reversed.