FRED FICKEY & SONS v. B. H. MERRIMON.

*Expression of Opinion by Judge—Nudum Pactum—Practice.*

1. Plaintiffs alleged that defendant owed them a certain amount for goods sold and delivered. Defendant answered denying the debt and setting up a compromise between them and the plaintiffs' counsel by which defendant was to pay plaintiffs fifty per cent of the alleged indebtedness on condition that it should be " established." The plaintiffs replied, reaffirming the contract and alleging that the debt was to be " established " by an affidavit made before a proper officer, with which condition the plaintiffs had complied; *Held*, that under such pleadings it was not improper to submit to a jury an issue as to the validity of the original debt unaffected by the compromise, especially where the counsel on both sides assented to the framing of the issue.

2. Plaintiffs alleged a sale to defendant in person, which defendant denied. On trial plaintiffs' counsel, upon suggesting that the sale was good, whether made to defendant or his agent, was interrupted by the defendant's attorney who insisted that the plaintiffs' witness testified to a sale direct to the defendant; whereupon the Judge inquired,—" Does the record show this?" Upon plaintiffs' counsel's assent, the Judge demanded, " How then do you agree that they were delivered to an agent?" Counsel replied, " The deposition of S. G. M. will fix that," upon which His Honor said, " Very well; proceed;" *Held*, that the transaction was not an intimation of an

opinion by the Judge under the act of 1796 forbidding the expression of an opinion by him upon the facts of the case.

3. An agreement to take part of a debt in payment of the whole was *nudum pactum* before the act of 1874–'5, ch. 178, and where one pays a certaim sum upon a contested debt in compromise thereof in case it shall afterwards be established, a finding by the jury that it never existed will entitle the payor to a judgment of restitution for the money advanced by him.

4. Where counsel on both sides agree that the clerk may take the verdict of a jury, and afterwards such agreement is rescinded with notice to the clerk but not to the presiding Judge, a judgment of the Court, rendered in ignorance of such rescision, is not irregular.

(*McKenzie* v. *Culbreth*, 66 N. C. 534; *Bryan* v. *Foy*, 69 N. C. 45, cited and approved.)

CIVIL ACTION tried at Fall Term, 1877, of BUNCOMBE Superior Court, before *Schenck, J.*

The plaintiffs brought this action to recover a certain sum of money alleged to be due by defendant, and the facts necessary to an understanding of the opinion are stated by THE CHIEF JUSTICE. There was a verdict and judgment for defendant, and an appeal by plaintiffs.

The case was argued by *Messrs. Battle & Mordecai,* for plaintiffs, and *Mr. J. H. Merrimon,* for defendant.

SMITH, C. J. The action was for goods alleged to have been sold and delivered by the plaintiffs to the defendant in November, 1860. In his answer the defendant denied the debt and said that he had entered into a contract of compromise with the plaintiffs' counsel whereby he agreed to pay fifty per cent of the claim, on condition that it should be established, and had paid one hundred and fifty dollars to the attorney which he was not to remit but retain in his own hands until the condition was fulfilled. The plaintiffs in their replication reaffirm the validity of their demand, admit the payment of one hundred and forty dollars to their attorney, under a contract of compromise at fifty per centum

on condition that the claim should be supported by affidavit made before a competent officer, and that such affidavit had been made and shown to defendant before the action was commenced.

Issues made up by the Court and consented to by counsel were then submitted to the jury as follows :—

Did the defendant when this suit began owe the plaintiffs $307.37 with interest from May, 1861, for goods sold and delivered ?

Did the defendant and counsel for plaintiffs agree in 1871 to compromise this debt at fifty cents in the dollar, if the plaintiffs should establish their debt ?

The jury responded in the negative to the first issue and in the affirmative to the second. The evidence as to the sale and delivery of the goods was conflicting, one of the plaintiffs and another witness swearing positively to the sale to the defendant in person at Baltimore on the 1st day of November, 1860, and the defendant testifying that he was never in that city until since the war. During the argument of plaintiffs' counsel before the jury he insisted that the defendant was liable whether the goods were sold to him in person or sent on his order. He was interrupted by defendant's counsel who suggested that plaintiffs' witnesses testified to a sale direct to defendant when the Judge said, " does the deposition show this ?" Upon plaintiffs' counsel assent, the Judge remarked, " how then do you argue that they were delivered to an agent ?" Counsel replied, " the deposition of S. G. Merrimon will fix that" and thereupon the Judge added, " very well, proceed."

The Court charged the jury that if the goods were sold and delivered to the defendant or his authorized agent, or to his order, or were delivered to him or on his order, and accepted, they should find the first issue for the plaintiffs ; that the words " if he should establish his debt, meant, if

he should establish it by judicial determination, and with regard to this suit, if he should establish it in this action."

On the retirement of the jury the Court inquired of counsel if they were willing to let the clerk take the verdict, and both gave their consent. Shortly after, the plaintiffs' counsel told the defendant's counsel that he preferred to be present, and this withdrawal of consent was made known to the clerk, but not communicated to the Court. The verdict was rendered to the clerk in the presence of the Judge and while the counsel were absent. The record is very volumninous, and the plaintiffs' exceptions numerous, but the foregoing facts are deemed sufficient to a proper understanding of their force. They will be noticed successively in their proper order :—

The objection to the form of the first issue is untenable. It is quite obvious from its own words and the charge of the Court that the jury understood they were to inquire into the validity of the debt, the matter in dispute as it existed originally unaffected by the deposit made on the compromise. They find that the defendant owed no part of the account. Besides the plaintiffs' counsel assented to the framing of the issue, and if not satisfied should have asked for a modification before the rendering of the verdict.

The remark of the Court at the interruption of the course of argument pursued by counsel evidently proceeded from a desire to correctly understand the testimony and the facts found, and this is manifest from his concluding words,— " Very well, proceed." This does not violate the act of 1796, and could not have tended so far as we can see to prejudice the plaintiffs' case.

The construction given by the Court to the expression "if he" (the plaintiff) " should establish his debt :" The second issue looking to the scaling of the debt under the compromise contract became entirely immaterial upon the findings on the first issue, that there was no debt to be scaled. More-

over the agreement to take part in satisfaction of an established debt, was inoperative even after payment for want of a consideration to support it. *McKenzie* v. *Culbreth,* 66 N. C. 534; *Bryan* v. *Foy,* 69 N. C. 45. It is otherwise now under the act of March 17th, 1875. Act of 1874, '75, ch. 178.

Judgment should have been given the plaintiffs for the sum of one hundred and forty dollars paid over by defendant to their attorney.

We do not see how the defendant can be adjudged to pay money to the plaintiffs, after a verdict declaring he never had the goods and did not owe them. The fund in the hands of their counsel does not belong to them but to the defendant.

The rendering of the verdict in open Court and when the the Judge was present, was regular and proper, more especially after the agreement that the clerk alone might take it. The Judge would undoubtedly have sent for the counsel had their wish to be present been known to him. But he was not informed of the subsequent withdrawal of consent and had a right to assume its continuance. The complaint comes too late after an adverse verdict. We have considered the various exceptions of plaintiffs and in our view they are untenable.

No error.                                             Affirmed.