MARY W. HALL v. HENRY B. SHORT.

*Equitable Conversion—Married Women.*

1. The proceeds arising from the sale of a *feme covert's* land for division,. made by an order of court, retain the character of realty until con-- verted by some act of the owner.

2. The plaintiff (a married woman) was the owner of a remainder in land expectant upon a life estate. By a decree in equity, the land was sold and the proceeds paid over to the life tenant upon his giving bond, with the defendant and one L. as sureties, to pay over the same to the plain— tiff at the expiration of the particular estate. Thereafter, the life tenant having exhausted the fund and died insolvent, and the said L.. being also insolvent, the plaintiff and her then husband, in considera- tion of the payment by defendant of about one-half the amount due· by said bond, covenanted not to sue him on the same, (reserving their· rights against all other parties) released him from the debt and assigned· to him the fund so far as might be necessary to effectuate his complete- discharge. The plaintiff was privily examined as to her free execution. ·of this instrument : *Held,*

(1) That the transaction was in the nature of the compromise of a law- suit.

(2) That it was authorized by the constitution, Art. X, § 6, and Bat.. Rev., ch. 69, § 17.

(3) That the effect of it was to exonerate the defendant from all lia— bility on the bond.

(*Jones* v. *Edwards*, 8 Jones, 336; *Lyon* v. *Akin*, 78 N. C., 258; *Kirkman* v. *Bank*, 77 N. C., 394; *Pippen* v. *Wesson*, 74 N. C., 437; *Rountree* v. *Gay, Ibid.*, 447; *McKenzie* v. *Culbreth*, 66 N. C., 534; *Mitchell* v. *Saw- yer*, 71 N. C., 70, cited and approved.)

CIVIL ACTION tried at Spring Term, 1879, of HALIFAX. Superior Court, before *Eure, J.*

The case states: On the 27th of April, 1858, one Thomas B. Nichols, as principal, and Charles Latham and the de-- fendant executed to the clerk and master in equity for Hali-- fax county, a bond in the sum of three thousand dollars,. conditioned as follows: "A tract of land belonging to the:

18

said Nichols for life, remainder to Mary W. Nichols, has been sold by order of the court of equity, and the money ($1,500) paid over to said Thomas B. Nichols; now if said Nichols at his death shall pay to said Mary the said sum of fifteen hundred dollars, this bond is to be void, otherwise to remain in full force." Thereafter Mary Nichols married John H. Hall, who died in August, 1877. Thomas B. Nichols died insolvent on the 1st of March, 1868, and the said Charles Latham is also insolvent.

On the 17th of July, 1871, during the coverture, the plaintiff (being the owner of said bond) and her husband executed their deed, with privy examination of the wife taken as prescribed by law, as follows: "Know all men by these presents that we, John H. Hall and wife Mary W. Hall, have received of H. B. Short the sum of seven hundred dollars, for and in consideration of which we do hereby agree and bind ourselves that we will never sue nor prosecute any claim or demand of any kind against said Short on the bond in the clerk and master's office, [describing it] said bond having been given for land belonging to said Mary W. Hall. The object of this paper is to release, acquit and discharge said Short forever from all responsibility on said bond; but it is expressly agreed and understood that the other signers are not hereby released and discharged. And so far as is necessary to discharge and release said Short, we do hereby assign, bargain, sell and set over to him the money produced by the sale of said land for which said bond was given; the object of this paper being to assure said Short against any and all further claims and demands of every kind. The said sum of seven hundred dollars is this day paid us by said Short as a compromise and in full discharge and settlement of said claim of ours against him, and all claims of every kind that we have against him."

Neither the plaintiff nor any one for her has received any amount, except the sum of seven hundred dollars as afore-

said, from any of the obligors in the bond, and she seeks by this action upon said bond. to recover of defendant the balance due for the sale of said land. Upon consideration of the above the court held that the plaintiff could not recover, and thereupon the plaintiff excepted to the ruling and assigned as error: 1. That the deed of July 17th, 1871, is *nudum pactum*. 2. That it is void as a deed and can operate only as a receipt for seven hundred dollars. 3. That the privy examination of the *feme covert* and the registration of the deed can give it no force and effect that it did not have before. Judgment, appeal by plaintiff.

*Messrs. W. W. and R. B. Peebles*, for plaintiff:

This is an ascertained debt of $1,500 and interest. An agreement to receive a part thereof in discharge of the whole is *nudum pactum* and cannot be enforced although styled by the parties a compromise. *Mitchell* v. *Sawyer*, 71 N. C., 70.; *McKenzie* v. *Culbreth*, 66 N. C.; 534; *Bryan* v. *Foy*, 69 N. C., 45; *Warren* v. *Skinner*, 20 Conn., 659; *Cumber* v. *Wayne*, 1 Smith's L. C., 249. And this is so though the debtor is a surety, and the debt is due by bond. Equity never regards a seal, and under the present system of administering rights, seals have lost much of their original force. *Bryan* v. *Foy*, *supra*. The acceptance or agreement to accept a less sum does not bar a demand for a greater when there is no consideration. *Hayes* v. *Davidson*, 70 N. C., 573.

*Messrs. T. N. Hill* and *Gilliam & Gatling*, for defendant:

The paper upon which defendant relies is a covenant not to sue, a release and a conveyance. *Russell* v. *Adderton*, 64 N. C., 417 ; *Paxton* v. *Wood*, 77 N. C., 11. The case of *Pippen* v. *Wesson*, 74 N. C., 437, has no application. The principle there laid down is that the separate estate of a married woman is not liable to be charged with her debts except ex-

pressly or by necessary implication. A married woman can release. 1 Bish. Mar. Wom., § 603; *Wall* v. *Nelson*, 3 Litt. (Ky.) 395; *Kirkman* v. *Bank*, 77 N. C., 394; *Newhart* v. *Peters*, 80 N. C., 166. In *Williams* v. *Green*, 68 N. C., 183, it is implied that a *feme covert* can be compelled to specifically perform her contracts.

DILLARD, J. There was a sum of money in the hands of the clerk and master, arising from the sale of lands for partition, to the use of which one Thos. B. Nichols was entitled for term of his life and then the principal was to remain over to the present plaintiff who was a *feme covert* before and long after the sale made by decree of the court of equity.

Nichols, the party entitled for life, was allowed by order of the court to receive and use the principal fund itself, on the execution of a bond with sureties, to be approved by the clerk and master, conditioned for the payment of the same at his death to the plaintiff, and in pursuance of said order of the court, the tenant for life executed the bond as required with the defendant and Chas. Latham as sureties.

On the death of the life tenant, the plaintiff and her husband received from defendant $700, about one-half of the fund due, and executed to him a deed, releasing him from any and all liability for the residue of the sum secured by the said bond taken by the clerk and master, and assigning him the money produced by the sale of the land for which the said bond was taken, so far as might be necessary for his discharge, with all the requisites and formalities, including a privy examination of the plaintiff as required by law in the case of deeds of husband and wife for land.

Since the execution of said deed the plaintiff, now become discovert, has instituted this action, and therein seeks to subject this defendant for the whole amount, the estate of the life tenant and Chas. Latham the co-surety having proved to be insolvent, and the question is, was the release

of the *feme* and her husband, discharging the defendant, in law obligatory and effectual on the plaintiff.

The solution of this question makes it necessary to inquire into and determine the nature and kind of property the plaintiff had in the money secured by the bond taken in the clerk and master's office, and to consider and define the rights and powers over the same of the *feme covert.*

The money secured by the bond aforesaid arose from a sale of land by decree of a court of equity for partition, and by law it was impressed with the character of realty, and retained that character at the time of the execution of the release. Bat. Rev., ch. 84, § 17. *Jones* v. *Edwards,* 8 Jones, 336, and *Lyon* v. *Akin,* 78 N. C., 258.

The estate of the plaintiff in the money was under our constitution a separate estate, not liable for any debts, obligations or engagements of her husband, and capable of being devised, and with the written assent of the husband, conveyed by her as if she were unmarried. Const., Art. X, § 6. And her power over the same is to be estimated under this clause in connection with section 17, chapter 69 of Battle's Revisal, wherein it is enacted that no woman during coverture shall be capable of making any contract to affect her real or personal estate except for her necessary personal expenses, or for the support of her family or payment of her debts *dum sola* without the written assent of her husband, unless she be a free-trader.

Without controversy, under these provisions of law the plaintiff with the written assent of her husband usually signified by joinder in the deed, had the right to assign and convey her estate in the fund in question to another, or to encumber it with her own or her husband's debts, and of this there is no need to cite authorities. She had power to collect in the money secured by the bond for her benefit by suit in court or otherwise, as practiced in the ordinary course of business among prudent business men; and her

contracts to this purpose carried into effect and executed with the written assent of her husband, were legitimate and valid. *Kirkman* v. *Bank*, 77 N. C., 394.

The plaintiff had power under this restriction of having the written assent of her husband, to convey to another, or if in the course of her efforts to collect, it occurred that it was to her benefit to compromise with the defendant upon the terms of receiving one-half and releasing him from all liability on the bond for any further sum, she had the right and capacity to settle the matter on that basis and execute the arrangement by a deed suited to the purpose with joinder of the husband, and with the formalities prescribed by law for deeds to which a *feme covert* is a party.

In *Pippen* v. *Wesson*, 74 N. C., 437, and *Rountree* v. *Gay*, *Ibid.*, 447, it is decided that marriage under the present constitution and the marriage act is a disability to the wife, just as it was before, to enter into any contract operating *in personam*, or affecting her separate estate, unless it is made with the consent of the husband now, in place of the trustee formerly, and charged on the separate estate expressly or by necessary implication arising out of the nature and consideration of the contract and showing that it was for her benefit. And it may be if the contract of the plaintiff and her husband with this defendant had been executory and never executed by deed, the same would be *nudum pactum*, and no bar to a recovery in this action according to *McKenzie* v. *Culbreth*, 66 N. C., 534; *Mitchell* v. *Sawyer*, 71 N. C., 70. But this is a contract expressly concerning her separate estate, and with the written assent of the husband, and not left executory, but executed by a deed with the joinder of the husband and acknowledged with privy examination of the wife, releasing the defendant from any further payment than the sum already paid, and assigning to him the entire fund for his protection and indemnity against any breach of the agreement. And it seems to us that the thing done was within

the express provisions of the constitution a conveyance, and barred the plaintiff of any right to recover, except perhaps in an action impeaching the release and assignment on a special equity of being obtained by fraud and imposition.

It is our opinion that the release and assignment executed by the plaintiff and her husband with the requisite formalities to convey land, was effectual in law to release the defendant from the claim of the plaintiff and is a bar to her present action.   There is no error.   Judgment of the court below affirmed.

No error.                              Affirmed.