ELIJAH HEWLETT v. JAMES W. SCHENCK, JR , and others.

*Statute of Limitations—Action on Sheriff's Bond.*

The bar of the statute of limitations (in an action upon a sheriff's bond for failure to pay over county taxes) is not removed by the fact that one of the sureties paid a part of the sum due on an agreement with the chairman of the board of commissioners that thereby he should be relieved from further liability.

(*Taylor* v. *Spivey*, 11 Ired., 427; *Brannock* v. *Bushinell*, 4 Jones, 33; *Morrison* v. *Morrison*, 3 Dev . 402; *Governor* v. *Hanrahan*, 4 Hawks, 44; *McKenzie* v. *Culbreth*, 66 N. C., 534; *Bryan* v. *Foy*, 69 N. C , 45 ; *Mitchell* v. *Sawyer*, 71 N. C., 70 ; *Smith* v. *Leeper*, 10 Ired., 86, cited and approved.)

CIVIL ACTION tried at Spring Term, 1879, of NEW HANOVER Superior Court, before *Seymour, J.*

This action was brought by the state on the relation of the plaintiff, as treasurer of New Hanover county, against the defendant sheriff and the sureties upon his official bonds, to recover damages for his failure to account for and pay over certain taxes. Upon the plaintiff's own showing as evidenced by the facts set out in the opinion of this court, the judge below intimated that the plaintiff could not recover, and thereupon he took a nonsuit and appealed.

*Mr. B. R. Moore,* for plaintiff.

*Messrs. D. J. Devane* and *Stedman & Latimer,* for defendants.

SMITH, C. J. The only point presented for decision in this appeal arises on the defence under the statute of limitations. The action commenced on the 25th day of October, 1878, against the sureties to the sheriff's official bonds for the collection of county taxes, is to recover damages for his failure to pay over the taxes collected for the year 1871,

and the breach occurred on the 8th day of January 1872. The plaintiff, to repel the defence, relies on the facts set out in the evidence of the defendant, Hart. He testifies that in June, 1873, he paid to the county treasurer the sum of one thousand dollars in excess of his proportionate part of the amount of the default in an apportionment among the co-sureties in pursuance of an agreement with the chairman of the board of county commissioners, that he should be thereby released from further liability and not required to pay more. The error assigned is in the ruling of the court that the facts proved did not operate to remove the statutory bar and the plaintiff could not recover.

The action is on the several bonds set out in the complaint, executed by James W. Schenck, Jr., on his election as sheriff of New Hanover, for two successive terms, against the defendants, his sureties on one or more of them, and it is contended that the effect of the partial payment is to restore the liability on the bonds, otherwise lost by the lapse of time, against all the defendants, and at least against him who made the payment. In our opinion the proposition is not sustained by precedent or authority.

A new and distinct promise to pay a debt due on a justice's judgment does not revive the cause of action founded thereon. *Taylor* v. *Spivey*, 11 Ired., 427. Nor will it have that effect in an action of debt on an unsealed note. *Brannock* v. *Bushinell*, 4 Jones 33; following the previous case of *Morrison* v. *Morrison*, 3 Dev., 402. The principle applies with equal force to bonds, now that they are subject to the statute of limitations, and especially to official bonds. C. C. P. §§ 31, 33, 34. *Govenor* v. *Hanrahan*, 4 Hawk, 44.

So a partial payment, though the evidence need not be in writing, being *an act* and not a mere declaration revives the liability because it is deemed a recognition of it and an assumption anew of the balance due. But if at the time such payment is made the presumption arising

from the unexplained fact is disproved by the attending circumstances or other sufficient evidence of a contrary intent, the payment will not have such effect. Here not only can no inference of such intention be inferred but there was an express agreement that Hart was not to be held responsible for the residue of his principal's défalcation, and the payment is made upon that understanding. While the chairman had no authority to enter into such an engagement, and if he had, it would be inoperative for want of a consideration as is held in *McKenzie* v. *Culbreth*, 66 N. C., 534; *Bryan* v. *Foy*, 69 N. C., 45, and *Mitchell* v. *Sawyer*, 71 N. C., 70. The evidence is competent and sufficient to repel the presumption of intention to assume the entire debt. *Smith* v. *Leeper*, 10 Ired., 86; Angel on Limitations 211, *et seq.* note, and numerous other cases cited for the defendants from reports in other states.

There is no error in the ruling of the court and the judgment must be affirmed.

No error. Affirmed.