ELIJAH WINSTON *v.* EDWARD DALBY.

A covenant *not to prosecute the suit to judgment* against him, given to one of two makers of a promissory note, upon consideration of his having, pending such suit, paid a part of the note sued upon, does not extinguish the debt as to the other maker.

DEBT, tried before *Watts, J.*, at Fall Term 1869 of GRAN-VILLE Court.

The suit was upon a promissory note, signed " Dalby & Bullock," which was the name of a firm in which the defendant and one John D. Bullock, were partners. The suit was originally against both, but whilst it was pending, Bullock paid one-half of the principal, and a *nol. pros.* was taken as to him, and an instrument under seal executed by the plaintiff to him, acknowledging the receipt of the money, and, in consideration thereof, covenanting with him—" that I will not prosecute to judgment, a suit now pending in the Superior Court of Granville county against him upon a promissory note," &c.,—being that in suit.

The question was, whether the effect of such instrument was to discharge the defendant.

His Honor was of opinion that the defendant was discharged, and gave judgment accordingly; and the plaintiff appealed.

*Rogers & Batchelor*, for the appellant.
*No counsel, contra.*

SETTLE, J. We are of the opinion that the instrument given by the plaintiff to Bullock, does not amount to a release.

It operates in the nature of a covenant not to sue.

Upon an examination of the authorities, it will be found, that the Courts have been slow to adopt the doctrine, that a covenant not to sue, may operate as a release, and have only permitted such covenants to have that effect, in order to avoid circuity of action.

In *Dean* v. *Newhall*, 8 T. R. 168, it is held that the obligee, who had *covenanted not to sue* one of two joint and several obligors, might sue the other, although a *release* to one would have been a bar as to both.

The same point is decided in *Hutton* v. *Eyre*, 1 E. C. L.

385, where the debt was a joint one, and not joint and several; and Gibbs, C. J., says "we think the rule that a covenant not to sue, operates as a release, applies only to cases where the covenantor and covenantee are single."

Upon the authority of these cases, and of *Walmsly* v. *Cooper*, 39 E. C. L. 51, the text writers lay it down, that a covenant not to sue has not the effect of a release, in discharging a co-contractor: 1 Archb. N. P. 191; 1 Tidd. 10.

No question was raised before us as to whether this debt was joint or several, nor do we think there could have been, for our statute provides that "in all cases of joint obligations or assumptions of co-partners in trade or others, suits may be brought and prosecuted on the same, against all or any number of the persons, making such obligations, assumptions or agreements;" Rev. Code, ch. 31, sec. 84.

The judgment of the Superior Court is reversed, and judgment entered here in favor of the plaintiff, according to the case agreed.

PER CURIAM.                    Judgment reversed, &c.