W. J. HAYES, Adm'r., &c. v. R. F. and J. R. DAVIDSON and others.

If a plaintiff has, by his promise to compromise and take less than the whole of his demand, induced any other creditor to accept a composition and discharge the defendant from further liability, he cannot afterwards enforce his claim, since it would be a fraud upon that creditor.

An agreement to accept a less sum, does not bar a demand for a greater, when there is no other consideration.

(*McKenzie* v. *Culbreth*, 66 N. C, Rep. 534; *Bryan* v. *Foy*, 69 N. C. Rep. 45, cited and approved.)

CIVIL ACTION, to recover the amount of a single bill, tried before *Moore, J.*, at the Special (July) Term, 1878, of MECKLENBURG Superior Court.

The complaint alleges that the defendants, the Davidsons, signed and delivered to Wm. Johnston, the guardian of the plaintiff's intestate, the bill sued upon ; that afterwards, the said defendants executed a deed in trust to secure their creditors, under which their property was sold and all their creditors paid, with the exception of the plaintiff, and that from the proceeds of such sale after the payment of the other creditors, they have funds more than sufficient to pay his, the plaintiff's, claim.

It is further alleged, that of this trust fund, the Davidsons, or their trustee assigned to the other defendant a note in payment of a debt not secured by the deed in trust.

The answers of the defendants admit the material allegations contained in the complaint, and rely for a defense, that other creditors secured in the deed, compromised their claims and took less than the claims called for, and that the plaintiff promised to compromise his, which he afterwards refused to do. That without such compromise, the funds arising from the sale of the property conveyed in the deed, would not have been sufficient to pay the debts.

The plaintiff demurred to the answers of the defendants for insufficiency, &c., and the Court sustained the demurrer, giving the plaintiff judgment for the whole amount he claimed.

Defendants appealed.

*R. Barringer,* and *Vance & Dowd,* for appellants.
*Jones & Johnston,* contra.

SETTLE, J.   This case is before us by appeal from the ruling of his Honor, sustaining the demurrer to the answers of the defendants.

The answer of the Davidsons admits several allegations of the complaint; and amongst others the 6th, to wit: "that after the discharge of all the other debts specified in the said deed, there remained in the hands of the said trustees a fund— the proceeds of the property conveyed by said deed, amply sufficient to pay and discharge the debt due to the plaintiff as administrator."

But they allege that the plaintiff had agreed with them (the trustees) "to compromise his debt on as favorable terms as any of the other creditors would compromise upon."

If the plaintiff had by his promise to compromise and take less than the whole of his demand, induced any other creditor to accept a composition and discharge the defendants from further liability. he could not afterwards enforce his claim, since it would be a fraud upon that creditor. *Wood* v. *Roberts,* 2 Starke's Rep., 417.   But the acceptance, or the agreement to accept of a less sum, does not bar a demand for a

greater, when there is no other consideration. *McKenzie* v. *Culbreth*, 66 N. C., 534; *Bryan* v. *Foy*, 69 N. C., 45.

And, in our case, it does not appear that the other creditors acted in concert with the plaintiff, and released any portion of their debts in consequence of his promise to do so, nor does it appear that they were prejudiced or surprised by the refusal of the plaintiff to accept less than his whole debt.

The trustees seem to have approached each creditor separately, and to have compromised with each, upon such terms as they could obtain. And each creditor seems to have acted on his own judgment and sympathies, independently of what the others might do.

The promise being unsupported by a consideration, is not obligatory; and the plaintiff, whether from caprice or any other motive was at liberty to refuse taking less than his whole demand.

But as the defendant, Barringer, is only liable secondarily, (having acquired a portion of the trust fund with notice,) the judgment of the Superior Court must be modified, so as to hold him liable for only such portion of the debt, if any, as cannot be made out of the trustees.

Let judgment be entered here, in accordance with this opinion.

PER CURIAM.                                        Judgment accordingly.