MARTHA EVANS *v.* ROBERT RAPER.

A covenant, by deed, by a judgment plaintiff to and with the principal defendant therein, that she "will not issue execution upon the judgment," and "will not in any way attempt to collect the same or any part of it," from such principal defendant, releases the surety, also a defendant in said judgment.

(*Winston* v. *Dalby*, 64 N. C. Rep. 299; *Russell* v. *Adderton*, cited and distinguished from this.)

MOTION, by defendant to have satisfaction of judgment entered of record, heard before his Honor *Judge Seymour*, at Fall Term, 1875, of WILSON Superior Court, upon the following

CASE AGREED.

1. That Joseph Ferrell, guardian of plaintiff had a note against Joseph Watson, as principal, Robert Raper, the defendant, and Pitts Kirby, (now insolvent), as sureties for five hundred and twenty-one dollars and fifty-eight cents, ($521.58); for which sum and interest, judgment was recorded in 1867 in favor of said guardian; and in 1869, the said judgment was regularly docketed according to law, in Wilson Superior Court.

2. That said judgment was assigned to plaintiff in a settlement had with said Ferrell, her guardian.

3. That Joseph Watson, the principal on the note is dead, and Martha Watson is his administrator; and that plaintiff received of said Watson's, administratrix, two hundred and fifty dollars ($250) on said judgment; in consideration of which the plaintiff executed the following paper writing, to-wit:

"STATE OF NORTH CAROLINA, ⎱
                WILSON County. ⎰

In consideration of two hundred and fifty dollars to me paid by Martha Watson, administratrix of Jos. Watson, dec'd,

the receipt whereof is hereby acknowledged, I hereby covenant and agree not to issue execution upon a judgment in my favor in Wilson Superior Court, entitled " *Joseph Ferrell* v. *Joseph Watson*," against the said Martha Watson, as administratrix aforesaid, and further that I will not in any way attempt to collect the same, or any part of it from the said Martha Watson, as administratrix, or otherwise.

(Signed)                 MARTHA EVANS, [SEAL.]
*Witness:*
JOHN W. DUNHAM.

4. That the plaintiff did not intend by said paper writing, to release the defendant, nor did the covenantee intend to take or receive any other than a covenant not to issue execution against her.

If the court shall be of opinion, that said paper writing operates as a release to the defendant, then the motion of the defendant shall be allowed ; otherwise, it shall be dismissed."

His Honor being of opinion with the defendant, gave judgment according to case agreed.

From this judgment, the plaintiff appealed.

*Keenan & Murray*, for appellant, submitted :

1. The court will treat the instrument marked "A," as a covenant not to issue execution, and not a release, because " the courts have been slow to adopt the doctrine that a covenant not to sue may operate as a release," and because the covenantor and covenantee are *not* single.   *Winston* v. *Dully*, 64 N. C. Rep., 299.

2. The agreement is *nudum pactum*, being to receive part of a debt in payment of the whole.   *Bryan* v. *Foy*, 69 N. C. Rep., 45.

3. There must be a *new consideration* to give binding force to the promise of forbearance.   *Abel* v. *Alexander*, 45 Ired., 523.

4. The seal does not obviate the difficulty, for we are in Equity, and "Equity never regards a seal." SETTLE, J., in *Bryan* v. *Foy, ut sup;* and although at law, a seal implies a sufficient consideration in those cases where *any* consideration will suffice. Yet, in cases like this, where the court inquires into the adequacy of the consideration, a seal does not help.

5. The mode and measure of relief which Raper now seeks can only be obtained in Equity. *Snow* v. *McFarland,* 1 Ired., 216; Adams Eq., 106—107; *Ligon* v. *Dunn,* 6 Ired., 133; *Russell* v. *Adderton,* 64 N. C. Rep., at page 420. The relief is in the nature of specific performance, and Equity will decree specific performance only upon valuable consideration, and such as a court of law would notice, and the use of a seal will not dispense with proof of the actual consideration. Adams' Eq., 78.

6. Again, where the covenantor reserves his rights against the surety, he is not discharged. Adams' Eq., 107; *Hagley* v. *Hill,* 75 Penn. Lt., 108; 3 W & T. Ld. Cos. Eq., star page 824; Am. Notes to same at page 562, near bottom; *Keasly* v. *Cole,* 16 Mur. & Welsh, at page 135; *Price* v. *Barker,* 4 Ellis & Blackburn, 760, 772, 779.

7. We may show by parol that the agreement was not intended to have the effect of a release. *Hagley* v. *Hill,* 75 Penn. Lt., 108; *Wyke* v. *Rogers,* 1 DeG., Mac. & G., 408.

Here the intent appears in the case agreed, and we have a clear equity for correction. *Phillips* v. *Thompson,* 73 N. C. Rep., 543. And this equity the court here may work out, either under the rule that equity considers that done which ought to be done, or under the large powers conferred by C. C. P., secs. 132, 133, commented on and explained in *Wade* v. *City of Newbern,* 73 N. C. Rep., 318, and *Bullard* v. *Johnston,* 65 N. C. Rep., 436.

8. Raper is barred by the Statute of Limitations. Battle's Revisal, chap. 17, sec. 34, sub-sec. 9, or by equity's pursuing

the analogy of the statute. *Barham* v. *Lomax*, 73 N. C. Rep., 76.

9. Raper might, in the original action, have had a jury to ascertain the fact of his suretyship, and so charge his principal primarily. Bat. Rev., chap. 110, secs. 8 and 9. And although it is clear, that a statute conferring jurisdiction on the courts of law did not, under the old system, oust the ancient equity jurisdiction, now that law and equity are blended, the Chancellor's jealousy of encroachment no longer exists, and the courts will not countenance a resort to a collateral equitable proceeding, when the rights of all parties may be fully adjusted in one action in the way pointed out in Battle's Revisal, chap. 110, secs. 8 and 9. See *Bullard* v. *Johnston*, 65 N. C. Rep., 436.

10. The position of the parties is varied by a judgment against the surety. *Jenkins* v. *Robertson*, 2 Dev., 351; *Reese* v. *Berrington*, 3 Ld. Cos. Eq., 824 (notes).

*Connor*, contra.

BYNUM, J. Learned and excellent briefs were filed in the case by the counsel of both sides, but they take, perhaps, a wider range than is required by the particular question submitted in the case agreed. That question is, whether the covenant set forth operates as a release of the defendant, who is the surety in the note and judgment. The covenant stipulates, *first*, that the plaintiff "will not issue execution upon the judgment," and *second*, "will not in any way attempt to collect the same or any part of it, against the said Martha Watson, as administratrix or otherwise." The word "release" is not used, but it was unnecessary, when words of equivalent meaning are substituted. Certainly, the phrases "will not issue execution," and "further, I will not collect, or attempt to collect," the judgment or any part of it, are fairly incapable of any other construction than that of being a release. The cov-

enant is of perpetual obligation, and so professes to be. A debt that is never to be collected, is discharged.

The legal effect of the covenant is, therefore, to release and discharge the principal in the judgment; and nothing more appearing, it follows from all the authorities that the surety is also discharged. Any discharge or modification of the principal's liability, without the consent of the surety, absolutely discharges the surety; for he has contracted to guarantee a specific agreement; and if a new agreement be substituted without his assent, his contract is at an end. The same effect follows, if the creditor enters into a binding contract to give time for payment to the principal. For it would be a fraud upon the contract, if he were afterwards to receive the debt from the surety, and thus confer on him an immediate right of action against the principal. The surety is therefore discharged altogether from his guaranty. Adams Eq., 107.

It is, however, laid down by most of the authorities, that if the creditor, in giving time, expressly reserves his remedies against the surety, there is no discharge. To use the language of Lord ELDON, in *ex parte Glendenning*, 1 Buck. B. C., 517, "the law has been clearly settled, and is now perfectly understood, that unless the creditor reserves his remedies, he discharges the surety by compounding with the principal, and the reservation must be upon the face of the instrument by which the parties make the compromise; for evidence cannot be admitted to vary or explain the effect of the instrument."

It is thus seen that the creditor can reserve his remedies against the surety only when he gives time to the principal, and not when he absolutely discharges him, and then, that the reservation must be expressed in the instrument itself. Whether this doctrine of the reservation of remedies against the surety, when time is given to the principal, obtains, or should obtain, in this State or not, is immaterial here, for no such express reservation is contained in the covenant, in our

case, and the covenant does not give time to, but releases, the principal absolutely.

But it is insisted by the plaintiff's counsel, that the covenant not to sue or collect, is founded on no new consideration, and therefore, is void; and that it does not express the intent of the parties. It is true, the case states that the consideration of the covenant was the payment of $250 on the judgment, and that the plaintiff did not intend, by the covenant, to release the surety, nor did the covenantee intend to take more than a covenant, that no execution should be issued against her. But none of these matters are set forth in the instrument; and the question is, not what the parties intended, but what they did. The plaintiff does not now seek to reform the covenant as having been executed in mutual mistake, but merely sets out what construction the parties themselves put upon it at the time of its execution. But the construction of the instrument is the business of the court alone. Nor is at all material what the consideration was, or whether there was any, unless an illegal or otherwise insufficient one, had been expressed upon the face of the instrument. That enquiry is precluded by the seal, as the case is presented. The plaintiff does not now repudiate the covenant, or seek to reform it, but on the contrary she is pursuing the surety alone.

The rule that the creditor does not discharge the debtor by taking a less sum in discharge of the whole debt, although he so contracted and intended, is extremely artificial and unsatisfactory; but a rule that the creditor may discharge the principal and pursue the surety alone, even by an express reservation of power to do so, is still more repugnant to a sense of justice and honor. The rights of the surety in such cases, results more from equity, than from contract, and can not be put upon too high a ground. See *Re se* v. *Berrington*, and notes, 2 White & Tudor's Equity Cases; Hare & Wallace's Notes 856, where the whole doctrine of principal and surety,

is discussed and the authorities reviewed. This case is distinguished from *Winston* v. *Dalby*, 64 N. C. Rep. 299, and *Russell* v. *Adderton*, 64 N. C. Rep. 420, and other cases there cited, in that, here the debt had been pursued to judgment, which constitute a lien upon the lands of the principal and surety. A release, or even a covenant not to sue out execution against the principal in such case, operated as a discharge of the creditor's lien, and thus deprived the surety of the benefit of one of his securities against loss. This voluntary act of the creditor to the prejudice of the surety, released the surety, at least to the extent of the loss thereby incurred. *Reese* v. *Berrington*, above cited. This case is further distinguished from *Hagley* v. *Hill*, 75 Penn. St. 108, and similar cases, in that the covenant is made not before, but after judgment, and is " not to issue execution " or " collect the same or any part of it." As an injunction perpetually enjoining the collection of the judgment, would have lain, under the former system, the practical effect of which would be to discharge the debt, so this court combining the powers of both courts, will put such a construction upon the covenant, as will reach the same end, by the shortest and most direct road. This is done by giving effect to the covenant as a release.

There is no error.

PER CURIAM.                                Judgment affirmed.