A. B. CURRIE v. D. M. KENNEDY.

*Judgment—Satisfaction Thereof.*

The acceptance by a judgment creditor of a promissory note upon third person in satisfaction of the judgment, is a discharge of the judgment, although the note is for a less amount than the judgment.

(*Evans* v. *Raper*, 74 N. C. 639 ; *Gordon* v. *Price*, 10 Ire. 385, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1877, of MOORE Superior Court, before *Seymour, J.*

The plaintiff brought this action against K. B. Kelly, administrator of M. P. Morrison, and the defendant, demanding payment of a certain sum of money. The defendant answered the complaint, alleging satisfaction of the debt by compromise. The plaintiff demurred to the answer, and upon the hearing, His Honor overruled the demurrer and gave judgment for the defendant for costs, from which the plaintiff appealed.

The facts upon which the transaction was based are stated by Mr. Justice BYNUM in delivering the opinion of this Court.

*Messrs. J. W. Hinsdale* and *J. Deverenx, Jr.,* for plaintiff.
*Messrs. Neill McKay* and *Merrimon, Fuller & Ashe,* for defendant.

BYNUM, J. The case is before us upon the demurrer of the plaintiff to the answer of the defendant, from which the following facts appear: In February, 1870, the plaintiff recovered a judgment against one Kelly, as administrator of M. P. Morrison, and the defendant, as surety on the bond upon which the judgment was recovered. On the 4th of March, 1871, a compromise was entered into between the

plaintiff and Kelly, the said administrator, by which the plaintiff agreed to, and did receive, in satisfaction and dis-charge of his judgment for $636, a note on one Dowd for $406, dated the 10th of March, 1870, and payable six months after date, which note was a part of the assets of the estate of Kelly's intestate. This all occurred prior to the Act of 1874–'75, ch. 178, which therefore has no application to the case, at least we assume so, in the view we shall take of this action.

The question then which we are called upon to decide, is, whether the acceptance by the judgment creditor of a promissory note upon a third person in satisfaction of the judgment, is not a discharge thereof, although the note so received is for a less amount than the judgment. That it is, has been expressly decided, both by the English and American Courts. It was so held in *Sibree* v. *Tripp,* 15 M. & W. 22, where in delivering the opinion of the Court, ALDERSON, B. said ; " It is undoubtedly true that payment of a portion of a liquidated demand in the *same manner* as the whole liquidated demand ought to be paid, is *payment* only in part ; it is not one bargain, but two ; namely, payment of part, and an agreement without consideration to give up the resi-due. The Courts might very well have held the contrary, and have left the matter to the agreement of the parties, but undoubtedly the law is so settled. But if you substitute for a sum of money, a piece of paper, or a stick of sealing wax, it is different, and the bargain may be carried out in its full integrity. A man may give in satisfaction of a debt of $100, a horse of the value of five pounds, but not five pounds. * * * Let us then apply these principles to the present case. If for money you give a negotiable security, you pay it in a different way. The security may be more or less, it is of uncertain value. That is a case falling within the rule I have referred to."

The illustrations put by Baron Alderson· show the ab-

CURRIE *v.* KENNEDY.

surdity of the distinctions made by the solemn decisions of the Courts, that a money demand of $100 may be discharged by a stick of sealing wax of the value of sixpence, but not by $50 although received in satisfaction of the demand. The Court therefore in that case very justly questions the good sense of such technical distinctions, and says, "the Courts might well have held the contrary, and left the matter to the agreement of the parties." See *Evans* v. *Raper*, 74 N. C. 639. The decision in *Sibree* v. *Tripp*, is approved and followed by the American cases. *Cumber* v. *Wane*, 1 Smith's L. C. 142, American notes, where the question is fully discussed, and the decisions in this country sustaining it, are cited. The principle, though in a case not precisely like the present, has been declared by this Court in *Gordon* v. *Price*, 10 Ire. 385.

No error.

PER CURIAM. Judgment affirmed.

NOTE.—BYNUM, J. Since filing the above opinion our attention has been called to the fact, that by the terms of the compromise the defendants were to pay the costs then accrued, and that we have not rendered judgment therefor in this Court. It will be seen in the record that when execution was moved for before the Clerk, while he refused to issue execution for the alleged balance of the judgment, he gave the plaintiff leave to issue for the costs, which he declined to do. That judgment has been affirmed here. The plaintiff then can issue in the Court below for the costs pursuant to the terms of the compromise. There was no point about this made in the argument here, and if there had been, it could not have changed our judgment.