F. D. KOONCE, Adm'r of ANN KOONCE, v. OLIVIA RUSSELL, Adm'x, et al.

*Compromise—Contracts, Existing Laws Deemed Part of—Const. U. S., Art. I, § 10—The Code, § 574.*

1. The payment and acceptance of a less sum than is actually due, in compromise of the whole debt, is a complete and valid discharge, under *The Code.* § 574. And this is so, although the debt compromised was one contracted and reduced to judgment before § 574 became the law, if the compromise was made after § 574 was enacted.

2. As, under § 574, the payment of a less sum where a greater is due, is not a discharge, unless voluntarily accepted as a compromise by the creditor, the section is not in conflict with Art. I, § 10, Const. U. S., in its application to pre-existing contracts.

3. Laws existing at the date of a contract are deemed part of the contract. Therefore, a compromise, made since § 574 was enacted, is construed as if § 574 had been incorporated in its terms.

CIVIL ACTION, tried before *Shepherd, J.*, at Fall Term, 1888, of ONSLOW Superior Court.

This was a motion in an original cause, being a special proceeding, instituted by the creditors of Daniel L. Russell, deceased, against the defendants, Bellamy and Russell, his executors, formerly acting, and the defendant Olivia, who is now administratrix *cum testamento annexo* of said Daniel L. Russell The motion was heard before Shepherd, Judge, at the Fall Term, 1888, of the Superior Court of Onslow County. The plaintiff's intestate, Mrs. Anna Koonce, died in the year 1877, but, before her death, she had recovered two judgments against the said executors of Daniel L. Russell—the first for the sum of $811.82, at the Fall Term, 1871, of Onslow Superior Court, and the second for the sum of $852.74, at the Spring Term, 1873, of said Court.

As one of the creditors of Daniel L. Russell, deceased, the said Anna Koonce made herself a party to a special proceed-

ing instituted by his creditors in the year 1879, and proved and filed said judgments rendered against the executors, and the special proceeding is still pending. In October, 1885, Daniel L. Russell, the defendant, acting as the agent of the executor or administratrix of Daniel L. Russell, deceased, offered the sum of $1,000 by way of compromise of the two judgments, then amounting in the aggregate to $1,492.29; and said agent further offered to pay the costs that had accrued in said special proceeding, and also in the two actions wherein plaintiff's intestate had recovered said judgments against the executors of Daniel L. Russell. The plaintiff accepted the offer, and gave the personal representative of Daniel Russell, deceased, a receipt in full for the whole amount of the judgment. The costs in said suits, and in the special proceeding, have not been paid.

The motion was for a judgment in favor of plaintiff for the balance due the estate of his intestate on the above-mentioned judgments, after deducting the $1,000 paid as a compromise.

This motion was refused. Thereupon, plaintiff excepted and appealed.

*Mr. S. W. Isler*, for the plaintiff.
No counsel for the defendants.

AVERY, J. The plaintiff's counsel presented and relied upon the single point, for which he had contended in the Court below, that plaintiff was entitled to recover the sum of four hundred and ninety-two dollars and twenty cents, being the difference between the aggregate amount due on . the two judgments and the amount actually paid by the administratrix Olivia Russell, through her agent, in compromise for the whole.

If the compromise had been made prior to the passage of the act of 1874–'75 (Laws of 1874–'75, ch. 178, § 1, *The Code,*

§ 574), the payment of one thousand dollars would not have discharged the debt, but would have been valid only *pro tanto*, leaving to the plaintiff the right to collect the difference between the sum paid and that actually due, as he seeks to do in this action, because the agreement to receive a part for the whole was held to be a *nudum factum* as to all in excess of the sum actually paid. *Currie* v. *Kennedy*, 78 N. C., 91; *Hayes* v. *Davidson*, 70 N. C., 573; *Mitchell* v. *Sawyer*, 71 N. C., 70; *Love* v. *Johnston*, 72 N. C., 415.

The contract, to accept one thousand dollars as a payment in full of both judgments, was made, however, in October, 1885, and when the statute (*The Code*, § 574) was and had been for many years the law of the land. But the plaintiff's counsel contends, that the last named act could not be construed to apply to a debt, upon which the plaintiff's intestate recovered judgment before it was enacted, because it would be a violation of sec. 10, Art. I, of the Constitution of the United States, to give to the law a retroactive effect, and he relies upon the case of *Edwards* v. *Kearzey*, 96 U. S., 595, to sustain the position. The parties contracted as to payment with reference to the law in force, when the contract was made, and, if such a receipt had been deemed a *nudum factum*, under the law then existing, as to any part of the debt, a subsequent act could not have supplied the want of consideration. But the compromise must be considered, just as though the statute (*The Code*, § 574) had been incorporated into the receipt given by the plaintiff.

" The obligation of a contract consists in its binding force on the party who makes it. This depends upon the law in existence when it is made. These are necessarily referred to in all contracts, and form a part of them, as the measure of the obligation to perform them by the one party, and the right acquired by the other." Cooley's Cons. Lim., p. 285.

A law providing that, if creditors, in the exercise of their

own judgment, voluntarily accept a part of a debt already in existence in discharge of the whole, cannot be held to impair the obligation of the original contract. *Grant* v. *Hughes,* 96 N. C., 177 ; *Fickey* v. *Merrimon,* 79 N. C., 585.

No error.                                    Affirmed.