M. A. McEACHIN et al. v. DUGALD STEWART.

*Trustee — Conversion — Mortgage — Fraud — Cause of Action—*
*Demurrer—Pleadings— Cumulative Remedies.*

1. Where the defendant, a Clerk of the Superion Court, being charged by order of Court with the investment of a fund for the benefit of certain parties, loaned it to his brother upon a third mortgage, and took the money back in payment of a debt due him by his brother on a prior mortgage: *Held*, that in equity the fund could be followed into his hands.

2. When, in addition to the above facts, it was alleged that the defendant caused the mortgage to be foreclosed, and, in effect, bought at the sale at a sum less than sufficient to pay the first two mortgages : *Held*, there were sufficient allegations to raise an issue of fraud, and that they constituted a good cause of action.

3. When pleadings are, substantially sufficient, a demurrer will not be sustained.

4. The existence of other remedies against the defendant, as in this case, does not impair the one chosen.

This was a CIVIL ACTION, tried at Fall Term, 1889, of RICHMOND Superior Court, before *Shipp, J.*

In a special proceeding lately pending in the Superior Court of the county of Richmond, brought to compel partition of the lands therein specified, the Court, among other things, adjudged that a certain fund of $500, belonged to the plaintiffs, and directed that the same be safely invested for their benefit, as alleged and explained in the complaint in this action, the material parts whereof are as follows:

The plaintiffs, complaining of the defendants, allege—

1. That the plaintiff M. A. McEachin is the mother of the other plaintiffs, except John B. McNeill, who intermarried with his co-plaintiff Sallie F., daughter of plaintiff M. A., before the commencement of this action.

3. That on account of the interest of said Margaret A. McEachin in said land, it being a life-estate, and on account of the interest of her children therein, her co-plaintiffs in this suit, their interest being "in fee" after the falling in of the "life-estate," such proceedings were thereupon had in said partition suit, instituted in the Superior Court of Richmond County as aforesaid, and entitled as aforesaid, as that at the Spring Term, 1878, of the Superior Court of Richmond County, an order was made directing Dugald Stewart, who was then Clerk of the Superior Court of Richmond County, and defendant herein, to invest said sum of five hundred dollars. The said sum of five hundred dollars, charged for equality of partition, has been paid into the hands of Dugald Stewart, Clerk of the Superior Court for Richmond County. It was ordered by the Court that the said Dugald Stewart, Clerk of the Superior Court, invest either in real estate or United States bonds said sum in some safe securities, and receive and pay over the interest

106—22

annually to the said Margaret Ann McEachin during her life, and after her death to such of her children as may be living at the time of her death. All orders previously made in reference to the investment of this fund in conflict with this order were revoked.

4. That by virtue of, and under said order, said defendant, Dugald Stewart, then Clerk of the Superior Court of Richmond County, invested said sum of five hundred dollars in a mortgage on lands set out therein, situate in Richmond County, North Carolina, the mortgagor therein, A. Stewart, being a brother of said defendant, Dugald Stewart. The said mortgage bore the date 24th March, 1880, and was recorded in Richmond County May 17, 1880.

5. That before that day, viz., on November 2d, 1877, said Angus Stewart (brother of defendant Dugald Stewart), and wife Elizabeth A. executed and delivered their bond and mortgage for $748.50, to secure that amount of money to one James C. McEachin, the said mortgage conveying the same land set out and conveyed in mortgage of 24th March, 1880, referred to in article four of this complaint, this being the prior incumbrance on the said land.

6. That on the 1st day of November, 1878, the said A. Stewart (brother of Dugald Stewart, defendant herein) and his wife Elizabeth A. executed and delivered their mortgage deed to Dugald Stewart, defendant herein, for the consideration of one thousand dollars, as set out therein, the said mortgage conveying the same lands set out in the mortgages above referred to in this complaint.

Plaintiffs, further complaining, say: That they are informed and believe, and therefore they aver, that the said five hundred dollars, ordered by the Court to be invested, was paid on the note and mortgage held by said J. C. McEachin against Angus Stewart and wife, which was a first lien by said defendant, Dugald Stewart, said sum being paid

on said mortgage of 24th March, 1880, in fraud of the rights of plaintiffs, and in violation of the trust imposed by order of the Court.

8. That a suit was institued in the Superior Court of Richmond County, on the ____ day of _____ , 188_, wherein E. A. Stewart, wife of Angus Stewart, who had before that time deceased, and others, his heirs, were plaintiffs, and J. C. McEachin, Dugald Stewart *et al.*, defendants, and thereupon such proceedings were had as that at September Term, 1886, of the Superior Court of Richmond County, an order was made confirming the report of a commissioner who had been appointed to make sale of the lands incumbered by the mortgages herein set out, the said proceedings being in the nature of a foreclosure suit.

Plaintiffs further state that the purchase-money arising from said sale was insufficient to pay any portion of the five hundred dollars secured by said mortgage, and that the whole of it was applied to the two prior mortgages, herein set out, less costs, as plaintiffs are informed and believe.

9. Plaintiffs, further complaining of the defendant Dugald Stewart, allege that the purchaser at the commissioner's sale of said lands was John W. Cole, whose bid was $200, and which said sale was confirmed, and that said Cole was directed and instructed to bid at said sale by the defendant Dugald Stewart, and acted in the said transaction and sale as the agent, and was the agent, of said defendant Stewart, to buy the land so mortgaged for Stewart, as plaintiffs are informed and believe.

10. The plaintiffs were not parties to said foreclosure proceedings, and that they were wronged and defrauded by said Dugald Stewart in purchasing the trust property at the commissioner's sale for his own benefit, to the prejudice of the $500 investment mortgage held in trust by him for these plaintiffs, and by his payment of $500 to James C. McEachin on 24th March, 1880; and, further complaining, plaintiffs

state that this action of Stewart, in making the investment of the $500, as is herein set out, and his payment of the $500 as above stated, and in his purchasing at the aforesaid sale, was without their consent or agreement.

12. That after the confirmation of the sale of the mortgaged premises herein set out, the purchase at said sale by John W. Cole, the title to said property, by order of the Court, was made to said John W. Cole, who immediately conveyed same to Dugald Stewart, the real purchaser at said sale, as they are advised and believe, who now holds and claims same under said deed.

Wherefore, plaintiffs demand judgment against said defendant, Stewart—

1. That he be ordered to pay into the office of the Clerk of this Court $500, with the interest due thereon from the date of the last payment of interest, which was on the __ day of _____, 188_.

2. That the lands set out in the mortgage exhibits hereto attached be charged with the $500 paid on the James C. McEachin mortgage by said D. Stewart on 24th March, 1880, and that the plaintiffs be subrogated to the lien of James C. McEachin on said lands in the hands of Dugald Stewart to the extent that said McEachin's mortgage was paid by plaintiff's money, and with the interest thereon since the last payment of interest; for costs, and for such other relief as is appropriate.

The defendant Dugald Stewart demurred to the complaint, and assigned grounds of demurrer as follows:

" 1. That the complaint does not state facts sufficient to constitute a cause of action, because the complaint does not state that the said D. Stewart, in making the investment of the money of plaintiffs, as stated in the complaint, acted imprudently, nor that the said Stewart did not exercise due care and diligence in making said investment, nor that the security taken by him for the loan of plaintiffs' money was at

the time it was taken insufficient or inadequate, nor that it became insufficient or inadequate by the negligence or want of due care on the part of said Stewart.

"2. That plaintiffs allege that said Stewart defrauded them, without alleging any facts constituting the fraud.

"3. The plaintiffs allege that said Stewart bought at the sale of the lands by his agent Cole in fraud of the rights of plaintiffs, without alleging in what the fraud consisted, and without alleging any facts showing how plaintiffs were injured or defrauded.

"4. That, as far as appears from the complaint, the defendant Stewart has not committed any breach of trust, or any act injurious to the plaintiffs' rights.

"5. That the complaint does not allege that D. Stewart is insolvent, or that the sureties on his official bond are insolvent.

"6. That the plaintiffs' remedy, if they have any, must be against D. Stewart or by action on his official bond, and the Court cannot charge the land with the payment of the debt."

The Court sustained the demurrer, and the plaintiffs, having excepted, appealed.

*Mr. T. A. McNeill,* for plaintiffs.
*Messrs. J. D. Shaw, P. D. Walker* and *A. Burwell,* for defendants.

MERRIMON, C. J.: For the present purpose, the allegations of the complaint must be accepted as true. It would be better if they were in some respects fuller, more explicit and orderly than they are; but the Court can certainly see by the complaint, taken as a whole, that a cause of action is alleged with sufficient certainty to enable it to give the judgment demanded, or some other appropriate judgment. Moreover, it gives the defendant such information in regard to

the cause of action alleged as will enable him to make any defence he may have. If, in some possible respect, he may desire a more explicit allegation, he may ask the Court to require it to be made. When a pleading is substantially sufficient, it should be upheld. While the rights of parties in pleading should be carefully recognized and protected, merely captious and vexatious objections should not be tolerated, much less encouraged    It is better and just to meet the merits of the matter in litigation as promptly as practicable.

It is alleged, in substance, in the complaint, that the Court, having control of five hundred dollars belonging to the plaintiffs, by proper order, directed the appellant defendant, as Clerk of the Court, to "invest either in real estate or United States bonds, said sum, or in some safe securities, and receive and pay over the interest," &c.; that he did not observe this order and so invest the money; that, on the contrary, he fraudulently, and for his own purposes and benefit, loaned the money to his brother, taking a third mortgage of a tract of land as security therefor, he having a second mortgage of the same land to secure a debt of his own, and using the money of the plaintiffs to discharge, in large part, the first mortgage debt in favor of his second mortgage; that afterwards he procured his own mortgage to be foreclosed, purchasing the land under the judgment of foreclosure, through his agent, at a price much less than sufficient to pay his own mortgage debt, the mortgagor being his brother, and insolvent, whereby the plaintiffs were injured, &c.

The facts stated informally, but sufficiently in detail, imply more than mere evidence of fraud—taken in connection with the nature of the cause of action, the duty of the appellant under the order directing him to invest the money, the allegations of the tenth paragraph of the complaint, they imply a charge of fraud against the defendant

appellant, although such fraud is not in terms in the orderly connection, formally alleged.

The grounds of demurrer assigned are not sustained by what appears and fails to appear in the complaint. It is alleged, largely in terms, and by the strongest implication, that the appellee did act, not only improvidently, but dishonestly in his own interest in purporting to make the investment. The facts constituting the alleged fraud—that appellee purchased the land in fraud of the rights of the plaintiffs, and was false to the trust with which he was charged—are stated informally, much in detail. The Court can readily see them and determine their legal import and application.

No doubt the plaintiffs might have another or other remedy than that they are now prosecuting. But if the allegations of the complaint are well founded, and this clearly appears, they have the right to follow the fund and charge the land embraced by the mortgages mentioned with the money due them, they sustaining, in effect, the relation of first mortgagees to it, because through, and by means of, the alleged fraud of the appellee, their money was used to relieve the land of the first mortgage for his benefit. This rests upon the well settled principle of equity, that when the trust money can be clearly traced, a Court of Equity will charge a trust upon the land in which it has been invested in favor of the person entitled beneficially to the money. The *cestui que trust* is not bound to thus follow the fund; he may do so. *Freeman* v. *Cook*, 6 Ired. Eq., 373; *Bank* v. *Simonton*, 86 N. C., 187; *Murray* v. *Lylburn*, 2 John., Ch. R., 441; *Oliver* v. *Peate*, 3 How. (U. S.), 333; *May* v. *LeClaire*, 11 Wall., 217; 2 Story Eq. Jur., § 1210; Ad. Eq., 143.

The demurrer, for the purpose of the pleading, admits the facts as alleged in the complaint. What we have said is based upon the supposition that the facts as alleged are true, but it may turn out that they are not.

There is error. The judgment must be reversed, and judgment entered overruling the demurrer, with leave to the defendant appellee to answer. To that end, let this opinion be certified to the Superior Court It is so ordered.

Error.