*A. A. McEACHERN, Administrator of M. A. McEachern, et al. v. D. STEWART et al.

*Trust—Trustee—Purchase by Trustee of Trust Property— Charge on Land.*

1. Trust funds must be managed exclusively in the interest of the beneficiary, and cannot be employed so as to work a benefit or profit to the trustee.

2. S., a Clerk of the Superior Court, having a trust fund in his hands which he was ordered to invest, loaned it upon a third mortgage on land on which he had, in his own right, a second mortgage, and the amount thus loaned was applied to the credit of the first mortgage, thus increasing the security of the second mortgage; at the expiration of his term of office he turned over the bond and mortgage to his successor without an order to that effect or without notice to the *cestui que trust* or those entitled in remainder; afterwards in a proceeding for the foreclosure of the mortgages, to which neither the *cestui que trust* nor those entitled to the remainder in the fund were parties, the land was sold and purchased indirectly by S. and the proceeds were insufficient to pay the third mortgage: *Held* (1), that the mortgage held by S. in his own right should have been postponed to that which he took as trustee for the plaintiffs; (2), that the equitable rights of those entitled to the trust fund could not be affected by the simple turning over of the bond and mortgage by the trustee to his successor in office as Clerk, and the trust relation, therefore, still existing, the liabilities growing out of it may be enforced by way of a charge upon the land of which the trustee became the purchaser; (3), the confirmation of the sale, the Court not having knowledge of the fact that the trustee was the real purchaser, did not destroy the trust relation.

CIVIL ACTION, tried before *Connor, J.,* and a jury, at September Term, 1893, of RICHMOND Superior Court.

From a judgment for the plaintiffs the defendant Stewart appealed. The facts appear in the opinion of the Chief Justice.

*BURWELL, J., having been of counsel, did not sit on the hearing of this case.

*Messrs. T. A. McNeill, N. A. Sinclair* and *T. H. Sutton,* for plaintiff.

*Messrs. Walker & Cansler,* for defendant (appellant).

SHEPHERD, C. J.: The defendant, Dugald Stewart, at Spring Term, 1878, of RICHMOND Superior Court, was ordered to invest $500, then in his hands, "either in real estate or United States bonds,  *  *  *  and receive and pay over the interest annually to Margaret Ann McEachern during her life, and after her death to such of her children as may be living at the time of her death." He loaned the money to his brother, Angus Stewart, who executed to him a mortgage on a tract of land which was already encumbered by two mortgages—one to James C. McEachern for $748, and the other to himself for $1,000. These mortgages had been due for some time and no part of the principal or interest had been paid. The trust fund so invested by the defendant was applied as a credit upon the first mortgage, and as this credit strengthened the security of the second mortgage held by the trustee he was very plainly using the trust fund in such a manner as to enure to his own benefit. The fact that in making such investment he was free from any actual fraudulent purpose is immaterial, as it is an inexorable rule in a court of equity that trust funds must be managed exclusively in the interest of the beneficiary, and cannot be employed so as to work a benefit or profit to the trustee. 1 Perry on Trusts, 464. "The rule seeks to remove all temptations to the hazardous risk of the funds, and to place it under the supervisory control of one *whose only interest, coinciding with legal duty,* will be to secure its safety and all its benefits to the rightful owner. The law frowns upon any act on the part of a fiduciary which places interest in antagonism to duty, or tends to that result." *Railroad* v. *Wilson,* 81 N. C., 223.

Applying these principles to the case before us, it is manifest that the mortgage held by the said Stewart for his individual indebtedness should have been postponed to that which he took as trustee for the plaintiffs (*McEachern* v. *Stewart*, 106 N. C., 336), and it is equally clear that these equitable rights of the plaintiff could not be affected by the simple turning over of the bond and mortgage by said trustee to his successor in the office of Clerk of the Superior Court. We think that his Honor very correctly held that the trust relation could not be determined in such a manner, and we are also of the opinion that it still exists, and that the liabilities growing out of it may be enforced by way of a charge upon the land of which the trustee has become the purchaser. It is found as a fact that the plaintiffs had no knowledge of the investment, nor was a report thereof made to the Court; neither were they parties to the foreclosure proceedings under which the land was sold and finally indirectly purchased by the said trustee; nor did they have any notice of the several sales or the orders made in reference to the same. It is true that Mr. Long, the Clerk of the Court, was a party, but this did not relieve the trustee, who was also a party, of the duty of looking out for the interests of the *cestui que trust*, and very certainly he could not become the purchaser of the property except upon full notice to the plaintiffs and the sanction of the Court, so as to defeat the equitable priority to which they were entitled, as against him.

Under these circumstances we attach no importance to the fact that at two previous sales the property brought enough to pay the whole debt, and that afterwards it was sold for an insufficient price and was confirmed by the Court. The Court was not informed that the purchase was made by an agent of the trustee, and we do not think that such confirmation affects the case. *Patton* v. *Thompson*, 2

Jones' Eq., 285; *Elliott* v. *Poole*, 3 Jones' Eq., 17; *Van Epps* v. *Van Epps*, 9 Paige, 238; *Fox* v. *Macreth*, 1 W. & T. L. E., 253. The whole transaction—the loan, the sale, the purchase by the trustee and the confirmation were all made without notice to these plaintiffs; and while their joinder may not have been strictly necessary, still their equitable rights could not be displaced and defeated by their trustee except upon full disclosure and consent. It may also be observed that since the sale the trustee has declined an offer of $3,500 for the said land, and that it is now worth $3,000, an amount greater than is necessary to pay the entire indebtedness.

We have examined the other points raised by counsel with great care, and find nothing which satisfies us that there was error on the part of his Honor in charging the land with the amount mentioned in the judgment.

Affirmed.