S. WITTKOWSKY v. H. BARUCH and wife, D. H. BARUCH.

(Decided May 29, 1900.)

*Deed in Trust for Creditors—Composition of Trustee's Claims, and Assignment of Trust Assets—Badges of Fraud—Demurrer.*

Where there are badges or evidences strongly tending to sustain the charge of fraud contended for by defendants, yet where the fraud is not sufficiently apparent on the face of the complaint to justify the court in so pronouncing, a demurrer will be overruled, that the case may go to trial, where the facts can be developed and found by the court or the jury.

CIVIL ACTION upon a money demand, to vacate a conveyance to *feme* defendant on ground of fraud, and for the appointment of a receiver, heard before *Coble, J.,* at June Term, 1899, of MECKLENBURG Superior Court, upon demurrer. Demurrer sustained, and plaintiff appealed.

*Messrs. Jones & Tillett,* for appellant.
*Messrs. Burwell, Walker & Cansler,* and *Osborne, Maxwell & Keerans.* for appellee.

FURCHES, J. The plaintiff alleges that the defendant H. Baruch was indebted to him in the sum of $20,000, and on the first day of October, 1894, the said H. Baruch executed four notes to the plaintiff therefor, in the sum of $5,000 each; that the said H. Baruch became financially embarrassed, and on the first day of July, 1895, made a general assignment to the plaintiff as trustee for the benefit of his creditors, the plaintiff being one of them; that by an agreement between the defendant H. Baruch, E. D. Latta and the plaintiff, on

the 21st day of September, 1895, the plaintiff assigned to said Latta all the property and effects of said Baruch conveyed to him by said deed of trust, dated 1st of July. And it is stated that said Baruch was desirous of paying his debts, and the assignment of the plaintiff to Latta was for the purpose of *compromising* and paying off said indebtedness; that upon said *compromise and payment the creditors were to surrender their evidences of debt against said Baruch to said Latta.*

But the plaintiff further alleges that there was another agreement between him and said Baruch that in consideration that he would make this assignment to Latta, and that he would surrender his notes to Latta, he should be paid $6,000 out of the assets and commissions amounting to $4,000, and that said Baruch was to give to the plaintiff his note for the balance of his debt.

The plaintiff then alleges that Latta paid him the $6,000, and the $4,000 commissions, and that Baruch paid him $1,000, and he surrendered his four notes of $5,000 each to Latta, as he contracted to do, but that there is still due him $9,000; that he has prepared notes for that amount for Baruch to sign; that he refused to sign the same, and still refuses to do so; that Baruch, for the purpose of defrauding his creditors, has procured Latta to assign and transfer the effects, originally conveyed to him and by him to Latta, to D. H. Baruch, the wife of defendant H. Baruch, for a nominal consideration; that said D. H. Baruch has very little, or no means, and is insolvent; that, in addition to this, the said H. Baruch has bought valuable real estate in the city of Charlotte and procured the deed therefor to be made to his wife, the said D. H. Baruch.

Upon this complaint, the plaintiff demands judgment for the $9,000; that the assignment of Latta to the said D. H.

Baruch be declared fraudulent and void, and that the said D. H. Baruch be declared a trustee of the real estate so bought by her husband, and conveyed to her, for the benefit of the husband's creditors.

To this complaint, the defendants demurred, and say: That it appears from the complaint that the plaintiff can not recover on the original notes of $5,000 each, for they have been surrendered to Latta under the agreement for which the plaintiff has received $11,000; that he can not recover on the new promise, for the reason that it appears from the complaint that these notes were surrendered upon a composition contract; that the new promise was a stipulation for an advantage over the other creditors of the defendant H. Baruch, and was therefore a fraud upon them, and void; that the plaintiff was not only guilty of a fraud in this respect, as he was not only creditor, but he was the trustee of the assigned assets for the equal benefit of all the creditors of H. Baruch; and this was another reason why he should have acted fairly with the other creditors; and this made said contract void. And further, that said complaint does not set forth a cause of action.

As to the allegations contained in this complaint, as to the defendant D. H. Baruch, we have had but little trouble. Taking them to be true, as we must, they are in plain violation of every principle of honesty and fair dealing, and are fraudulent as to the creditors of the husband. *Redmond v. Chandly*, 119 N. C., 575.

But the question as to whether the complaint states a cause of action against the defendant H. Baruch or not has given us much trouble. That there are elements or badges of fraud, apparent upon the complaint must be admitted. But it may be that they do not sufficiently appear upon the complaint to justify us in declaring the fraud as a matter of law.

The plaintiff is a large creditor of H. Baruch, and is made assignee. Under the law, as it was at the time of this assignment, all creditors stood on equal footing—no preference could be given. Laws 1895, chap. 466; *Farthing v. Carrington,* 116 N. C., 315. This being the law, the question suggests itself: Why was the assignment made by the plaintiff to Latta? They could not change the assignment or the law. It is stated that it was made by agreement between the plaintiff, the defendant Baruch, and Latta; and that the assets were to be used by Latta (we suppose) in compromising the debts of Baruch. How this could be done by either the plaintiff or Latta, we do not know. And if it could be done by Latta, we do not see why it might not have been done by the plaintiff. But it seems that the creditors of Baruch were to *surrender* the evidences of their debts upon receiving the compromise money; and under this contract the plaintiff surrendered his notes to Latta upon the receipt of the amount agreed upon. And Latta, it seems, has conveyed the effects (conveyed to him by the plaintiff) to D. H. Baruch, wife of H. Baruch, and the plaintiff says without substantial consideration and in fraud of Baruch's creditors.

It would seem that the plaintiff has no cause of action on the $5,000 notes, as he surrendered them to Latta under the agreement with Baruch to do so. Code, sec. 574. And if he has any cause of action, it must be upon the new promise to give the new notes, or, in other words, to pay the plaintiff the difference between what was paid out of the trust fund and the $20,000 due by the four notes of $5,000 each.

The defendants say that he can not recover on this promise, for the reason that the contract entered into, by the plaintiff and Baruch and Latta, was not only a compromise of this indebtedness of Baruch, but that it was a composition of said indebtedness. The defendants say this appears from the

facts, that the indebtedness was to be compromised and the *evidences of debt were to be surrendered to Latta,* and that Latta has since assigned the property and effects (assigned to him) to the wife of H. Baruch for a consideration so grossly inadequate as to be a fraud on the creditors of the insolvent husband; that this being a composition of the debts of the insolvent assignor, the new promise upon which the plaintiff must rely is a fraud on the other creditors, and can not be enforced in a court of law.

This proposition of law seems to be correctly stated by the defendants, and is well sustained by numerous authorities. *White v. Kuntz,* 107 N. Y. (62 Sickles), 518; *Galderburger v. Hoffman,* 69 N. Y. (24 Sickles), 322. That there are badges or evidences strongly tending to sustain the charge of fraud, contended for by defendants, must be admitted. And while there is no form necessary to constitute a composition, and no formal release of the claim is necessary (6 Am. and Eng. Enc. Law, 377, 378, 380), still it is necessary that there should have been a community or understanding as to the composition between the plaintiff and the other creditors, or some of them, to make its violation a fraud upon them. This element of fraud, it seems to us, is not sufficiently apparent on the face of the complaint to justify us in saying that this new promise was in fraud of the rights of the other creditors.

We have, therefore, concluded that the case should go to a trial where the facts can be developed and found by the Court or the jury. For this reason we think there was error in sustaining the demurrer.

Error.