## WITTKOWSKY v. BARUCH.

(December 11, 1900.)

1. *Compromise and Settlement—Accord and Satisfaction—Discharge—The Code, sec. 574.*

   The payment and acceptance of a less sum than is actually due, when received in compromise of an entire debt, is a complete discharge of the debt.

2. *Contracts—Assignments for Benefit of Creditors—Fraud —Trust—Demurrer.*

   A complaint declaring on a promise made in fraud of the rights of creditors, under an assignment, is demurrable.

PETITION to re-hear. Petition granted. For former opinion, see 126 N. C., 747.

*Burwell, Walker & Cansler,* and *Osborne, Maxwell & Keerans,* for the petitioners.

*Jones & Tillett,* in opposition to petitioners.

FURCHES, J. This case was before us at the last term, and is reported in 126 N. C., 747, and is before us again upon a petition to re-hear. The facts are fully stated in the report of the case when here before, and we will not re-state them, further than we may find it necessary to do so to dispose of the petition to re-hear. When the case was here before, we were of the opinion that the plaintiff could not recover upon the old notes, and so stated in the opinion; and, while the defendants seem to understand this to have been the decision of the Court, the plaintiff does not so understand the opinion. And the defendant says that, if that was the decision of the Court at last term, he asks us to reconsider that opinion and to reverse the same, and the Court is still of that opinion, to say so in plain and unmistakable terms—in the language of counsel, to "emphasize it." We try not

to use harsh expressions, or language that is too aggressive, or emphatic, in our opinions; but it is always to be regretted, if we have failed to make ourselves understood by intelligent lawyers. But, as counsel have asked us to do so, we must state that it was the opinion of the Court at the last term that the plaintiff could not recover upon the old note, and it was intended to be so expressed in the opinion then delivered. This re-hearing is asked by defendants upon other grounds of alleged error in the opinion of the Court, and the practice has been to hear the petition upon the assignments of error stated in it. But, as the learned counsel for plaintiff insists with earnestness and great zeal that this opinion of the Court is erroneous, we depart from the usual practice for the purpose of reviewing and reconsidering that question, for the reason that the case is still within our control, and if it is erroneous it should be corrected at the earliest opportunity.

The plaintiff contracted and agreed with the defendant, H. Baruch, to compromise his debt of $20,000 for $10,000, and to surrender his notes, amounting to $20,000, upon the receipt of $10,000; and under said contract and agreement of compromise the $10,000 was paid to plaintiff, and his notes for $20,000 surrendered. If this does not bring the case within the terms of section 574 of The Code, which reads as follows: "In all claims, or money demands, of whatever kind, and howsoever due, where an agreement shall have been, or shall be, made and accepted for a less amount than that demanded, or claimed to be due, in satisfaction thereof, the payment of such less amount, according to any such agreement in compromise of the whole, shall be a full and complete discharge of the same"—we are not able to understand the meaning of the English language. This was not so before the enactment of section 574 of The Code. *McKenzie v. Culbreth,* 66 N. C., 534; *Bryan v. Foy,* 69 N. C., 45. But

section 574 changed the law as held in the cases above cited, and the receipt of a part in satisfaction of the whole is now as effective as if the whole amount of the debt had been paid. This section has been held to be constitutional and valid. *Koonce v. Russell,* 103 N. C., 179. The payment and acceptance of a less sum than is actually due, in compromise of the whole debt, is a complete and valid discharge of the whole debt, under section 574. *Kerr v. Sanders,* 122 N. C., 635. The facts that plaintiff agreed to receive $10,000 by way of compromise for his $20,000 debt, and that he received the $10,000, and, upon the receipt of the same, surrendered the four notes, amounting to $20,000, are fully set forth in plaintiff's complaint. If this was not a compromise and a discharge of plaintiff's debt, what becomes of the debts of the other creditors? Were they discharged? Or can they all sue for and recover the balance of their debts? If they can, where is the compromise? The defendant combats this doctrine, and, for the purpose of sustaining his contention that this transaction between the plaintiff and the defendant, H. Baruch, was not a discharge of the old notes, cites *Wilcoxon v. Logan,* 91 N. C., 449, and other cases. Upon examination it will be seen that this case has no application to the case under consideration. There was no agreement in that case to compromise the debt and take a less sum than was claimed, and no amount was paid or received under any such agreement. The other cases he cites are where there is a valid debt, and a new note is given for the old debt, which is tainted with usury, and for that reason could not be enforced. It was held that the giving the new note did not discharge the debt. But these cases have no application to the case under consideration, as there was no agreement between the parties to compromise the old debt, and to take a less sum than was due upon the old debt in satisfaction of the old debt, and therefore do not fall under section 574. The learned

counsel, in his brief and argument, seems to have entirely overlooked this section of The Code, which is the turning point in his case.

We are, therefore, compelled to hold that the plaintiff can not recover on the old notes, and with this we might close this opinion and sustain the demurrer, if we were entirely governed by the argument of plaintiff's counsel. He contended in his argument that this action was brought expressly upon the old notes, and not on the new promise. And in his printed brief he says: "In order that the demurrer be sustained in this action, it is absolutely necessary that the first proposition argued by the defendant above be true. In other words, unless this is an action, not to recover the original debt, but for a breach of the promise to execute the new notes, then the whole argument of the defendant falls to the ground.  *  *  *  We submit that upon the face of the complaint it is clearly and undoubtedly an action to recover the original indebtedness set forth in the first paragraph of the complaint, which the demurrer admits to be true.  *  *  *  We are at a loss to see how anyone can read the complaint, and come to the conclusion that this is an action based upon the promise of the defendant to execute new notes, when it is alleged that this promise was merely a trick and fraudulent contrivance on the part of the defendant, H. Baruch." A demurrer only admits facts stated in the complaint, and not arguments, or conclusions, that may be drawn from them. So it would seem that we have gotten ourselves into the trouble of this re-hearing by undertaking to give plaintiff something that he does not ask for and does not want—by undertaking to give him a "chance" upon the new promise, which he says he does not ask for, and by his argument virtually admits can not be done. It is hard to overlook the admissions and argument of so learned a law-

yer as represented the plaintiff, and the Court has decided
to reverse 'its former judgment and sustain the demurrer.
But, in doing this, it is only just to the Court that we should
extend this opinion so as to give a short discussion to what
we thought before was embraced in the complaint, called the
"new promise;" that is, the promise of the defendant to
execute new notes to the plaintiff for the balance of his debt.
This fact is clearly stated in the complaint, and it seems to
have led the Court into the error of considering it in the
former opinion. It was contended in the argument for the
defendants that the Court, on the former hearing, over-
looked the fact that the plaintiff was a trustee of the assets
of the defendant, H. Baruch, and of the creditors of said
Baruch, under the deed of trust, and that the Court was led
into error by reason of this oversight. The defendants' coun-
sel are in error in stating that the fact that plaintiff was the
trustee of this fund was overlooked by the Court on the
former hearing. This fact was considered by the Court, as
the opinion will show, and some of the authorities cited for
the defendants on the re-hearing are cited in the opinion of
the Court. But it may be (and as it now seems to the
Court) that it did not give to this fact the weight it was and
is entitled to. The case at last term was not argued by
defendant upon this point with the care and elaboration it
was at this term. This may have been because the defend-
ant thought, with plaintiff, that the case depended upon the
correctness of that ground of the demurrer—the right to
recover an old debt. But, however this may be, the defend-
ant cited many new authorities, not cited or considered be-
fore, which have influenced the Court to reverse its judg-
ment. These authorities are to the effect that an executory
contract, based upon a fraudulent or illegal consideration,
will not be enforced. For this position the defendant cites

many authorities—among them, *Covington v. Threadgill,* 88 N. C., 186; *Bowman v. Gonegal,* 92 Am. Dec., 537; *Blackford v. Preston,* 8 Term R., 89; *King v. Winants,* 71 N. C., 469; *Hays v. Davidson,* 70 N. C., 573; and many other cases. But, as this is such common learning, we do not cite other cases. The court before had no difficulty as to the correctness of this proposition.

The matter about which the Court erred was in not holding that it was unlawful for the plaintiff to sell out his trust to Latta. We said then that it was a badge of fraud, but, it seems, we stopped too soon. The authorities cited upon this hearing have satisfied us that it was not only a badge, but a fraud upon the other creditors of Baruch, who were his *cestuis que trustent;* that it was illegal for him to do this. And no executory contract based upon this transaction will be enforced in the courts of this State. *Foot v. Emerson,* 33 Am. Dec., 205, is directly in point, and shows that a trustee can not sell his trust. *Hays v. Davidson, supra; Comstock v. Draper,* 1 Mich., 481; *Phalen v. Clark,* 19 Conn., 421; *Buck v. Albee,* 26 Vt., 184. "It is a general principle, universally enforced, that trustees can not use their relations with trust property to their personal advantage. An agreement to accept money or other valuable thing as consideration for violating or abandoning a trust is illegal." *Elliott v. Chamberlain,* 48 Am. Rep., 327. "Trust funds must be managed exclusively in the interest of the beneficiaries, and can not be employed so as to work a benefit to the trustee." *McEachern v. Stewart,* 114 N. C., 370; *Cansler v. Penland,* 125 N. C., 578. The examination of these cases and the argument of counsel have satisfied us that the plaintiff (if he wished to do so) can not recover on the new promise.

While we reverse our judgment in this case, we find, upon

reading the opinion of the Court at the last term, that it is not necessary to change or modify any argument or statement made in that opinion, except the last paragraph, in which it is said that it does not sufficiently appear on the face of the complaint for us to declare it a fraud, and the sentence overruling the demurrer. We now think that it does sufficiently appear, and we allow the petition to re-hear, and sustain the demurrer. This will be certified to the court below, and the action dismissed.

Petition allowed.